**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glendale Manor Enterprises LLC, et al., | No. CV-20-01645-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| State National Insurance Company Incorporated, | |
| Defendant. | |

Pending before the Court are the parties' competing memoranda regarding whether their upcoming trial will be held before a jury or the bench. (*See* Docs. 72; 73.) After considering the parties' memoranda and the relevant caselaw, the Court rules that the scheduled trial will be a jury trial for reasons explained below.

**I.    BACKGROUND**

On July 8, 2020, Plaintiffs field their Complaint in Maricopa County Superior Court, (Doc. 1-1 at 1), and demanded a jury trial at that time, (*see* Doc. 1-9). On July 22, 2020, Defendant was served with Plaintiffs' Complaint, Summons, Certificate of Compulsory Arbitration, and Demand for Jury Trial. (Doc. 1-5.) Defendant subsequently removed the case to this Court, (Doc. 1), and acknowledged that Plaintiffs had demanded a jury trial, (Doc. 11-1 at 2). Since Defendant's removal—well over a year and a half ago—Plaintiffs' jury demand has been continuously noted on the Court's CM ECF docket and remains so as of the date of this order.

Yet, on January 11, 2022, during the Trial Setting Conference, Defendant

contended—for the first time—that Plaintiffs had waived their right to a jury trial. (Doc. 72 at 3; *see also* Doc. 68.) Defendant argued that Plaintiffs waived their jury trial demand in the Joint Proposed Case Management Report ("JPCMR"), wherein this statement is contained: "The parties have not requested a jury trial." (Doc. 11 at 8.) The JPCMR also provides the following:

> This Joint Case Management Report shall not constitute a stipulation among the parties as to any facts, nor should the absence of an alleged fact be construed against a party in later proceedings. This document is jointly drafted and submitted as a summary of the case without prejudice to either party's ability to raise any alleged facts or legal positions in future proceedings.

(*Id.* at 1.)

Plaintiffs and Defendant conferred in an attempt to resolve the matter. But at the Status Conference held on January 19, 2022, the parties still disagreed about whether the upcoming trial would be a bench or jury trial. (Doc. 68.) Thus, the Court ordered that the parties submit a stipulation or simultaneous memoranda on the issue. (*Id.*) The parties opted for the latter. (*See* Docs. 72; 73.)

## II. DISCUSSION

The right to a jury trial is *waived* when a party fails to properly serve and file its demand for one. Fed. R. Civ. P 38(d). A properly demanded jury trial "may be *withdrawn* only if the parties consent." *Id.* (emphasis added). Here, because both parties acknowledge that Plaintiffs initially demanded a jury trial, the issue is whether Plaintiffs have *withdrawn* their jury-trial demand—not whether they have *waived* the right.

Defendant argues that Plaintiffs "waived"[1] their right to a jury trial when then signed and submitted the JPCMR stating that the parties had not requested a jury trial. (Doc. 73 at 1.) Plaintiffs argue that they "have never waived or withdrawn their demand for a jury trial with a clear, distinct, and intentional indication." (Doc. 72 at 10.) Specifically, they

---

[1] Defendant actually argues for *withdrawal* of a jury-trial demand, not the *waiver* of the right to trial by jury. The Court will construe this as a semantic oversight and treat Defendant's argument accordingly.

- 2 -

argue that (1) neither Plaintiffs nor their attorneys have "filed a stipulation to a nonjury trial or withdrawn their jury demand," as evidenced by language contained in the JPCMR; (2) the phrase, "[t]he parties have not requested a jury trial," was inserted to the JPCMR by Defense Counsel, not Plaintiffs' Counsel; and (3) that same phrase is a truism which does not suggest that Plaintiffs wished to "forgo" their right to a jury trial, but merely stated that *all* parties did not demand a jury trial—only Plaintiffs did. (Doc. 72 at 10–15.) The Court is persuaded by Plaintiffs' first argument and, thus, will not address the latter two.

"The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." *Jacob v. City of New York*, 315 U.S. 752, 752 (1942). Indeed, the Supreme Court has opined that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be *scrutinized with the utmost care*." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) (emphasis added). In implementing this "most rigorous standard," the Ninth Circuit explained that courts have a clear duty to "vigilantly protect the right to civil jury trials, and . . . must scrutinize in the most rigorous manner possible any action that appears to limit in any way the availability of that right." *Armster v. U.S. Dist. Ct.*, 792 F.2d 1423, 1429 (9th Cir. 1986).

Once a jury trial is properly demanded under Rule 38, as is the case here, "the action must be designated on the docket as a jury action," Fed. R. Civ. P. 39(a), which the instant docket has done for nearly two years. Furthermore, the issues on which a jury trial has been properly demanded "must be by jury unless" one of two events occur: (1) "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record"; or (2) the court, by motion or sua sponte, "finds that on some or all of those issues there is no federal right to a jury trial." *Id.* The latter scenario is inapplicable here because neither party has filed such a motion and because Plaintiffs' claims—breach of contract, breach of the implied covenant of good faith, and tortious bad faith—are legal in nature and, therefore, subject to the federal right to jury trial. *See Tamosaitis v. URS Inc.*, 781 F.3d

468, 486 (9th Cir. 2015) (explaining that legal claims are those which sounds in tort or seeks compensatory damages); *see generally Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) (explaining that equitable claims are not subject to the Seventh Amendment's jury-trial right, but legal claims are subject to it). Consequently, the question before the Court is whether the parties, or their attorneys, stipulated to a non-jury trial.

The Court finds that the parties did not "stipulate" to a non-jury trial in this case. The very document which Defendant argues has withdrawn Plaintiffs' jury demand—the JPCMR—begins with the caveat that it does not "constitute a *stipulation* among the parties as to any facts" and that it was "jointly drafted and submitted as a summary of the case without prejudice to either party's ability to raise any alleged facts or *legal positions in future proceedings*." (Doc. 11 at 1 (emphasis added).) The Court cannot construe the paramount right to jury trial as withdrawn by a document containing an express prohibition against the very stipulation necessary to effectuate such withdrawal. Moreover, a Rule 26(6) report, such as the JPCMR here, hardly seems the appropriate vehicle for such a change. *See e.g.*, *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2020 WL 5880153, at *13 (D. Ariz. Oct. 2, 2020) (explaining that "the point of the Rule 26(f) report was simply to assist the Court in creating a scheduling order" and finding that "it cannot be said that the passing reference to a jury trial in the Rule 26(f) report amounted to a waiver by Defendants").

Moreover, the caselaw presented by Defendant—who argues that Plaintiffs jury-trial demand has been withdrawn—is unpersuasive. Defendant provides two cases that purportedly stand for the proposition that "a party is bound by its selection of trial by jury or to the bench in a joint case management report." (Doc. 73 at 2 (citing *Gulf Bay Cap., Inc. v. Textron Fin. Corp.*, No. 2:14-CV-209-FTM-29CM, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016); *Roth v. Nationstar Mortg., LLC*, No. 215CV783FTM29MRM, 2016 WL 7473818, at *2 (M.D. Fla. Dec. 29, 2016))). Although there are multiple factual grounds on which the Court could distinguish *Roth* and *Gulf Bay*, they share a singular aspect that renders them counterproductive to Defendant's argument: each case erred on

the side of *preserving* the right to jury trial, even when circumstances indicated that the right might have been waived or withdrawn. *See, e.g.*, *Gulf Bay*, 2016 WL 4009942, at *2 (finding that Defendants had consented to a jury trial even though it was "undisputed that neither party filed a Rule 38(b) written jury demand"); *Roth*, 2016 WL 7473818, at *2 (finding that Defendant has consented to a jury trial—despite the existence of a contractual waiver and settlement agreement, both of which waived Plaintiff's right to a jury trial— because Defendant had failed "to object to Plaintiffs' jury demands in the original and amended complaints" and signed "the parties' Case Management Report selecting the 'jury trial' option").

To the extent *Roth* and *Gulf Bay* inform the Court's decision, they only serve to bolster it. The right to jury trial is fundamental, and attempts limit the availability of that right are subject to a "most rigorous standard." *Armster*, 792 F.2d at 1429. *Roth* and *Gulf Bay* found that a jury trial was appropriate despite the appearance of waiver or withdrawal because, among other reasons, there existed a right to jury trial. *See Gulf Bay*, 2016 WL 4009942, at *2; *Roth*, 2016 WL 7473818, at *2. However, there is no right to avoid a jury trial—which is what Defendant seeks to do here. To read *Roth* and *Gulf Bay* in a way that would make waiver or withdrawal of a jury trial demand easier would be a misunderstanding of those cases and the nature of the right at issue.

Moreover, the other case Defendant relies on, *Home Owners Ins. Co. v. Moffitt*, No. 1:11-CV-517, 2013 WL 504653 (W.D. Mich. Feb. 8, 2013), is too factually dissimilar to inform the Court's decision here. That case (1) began with an equitable device (interpleader), which prolonged the timeline for demanding a jury trial; (2) dealt both equitable claims (which are not subject to the jury-trial right) and legal claims (which are subject to the jury-trial right); and (3) addressed an untimely demanded for jury trial on the legal claims that were subject to the right. *Id.* at *4–7. The instant case did not begin in equity, involves claims that are subject to the jury-trial right, and a jury trial was timely and properly demanded. Thus, the highly distinct procedural and factual nature of *Home Ownsers Ins. Co.* makes it inapposite here.

Accordingly, the Court finds the Plaintiffs have not withdrawn their jury-trial demand.

### III.  CONCLUSION

Therefore,

**IT IS ORDERED** that the trial, scheduled to commence on June 21, 2022, shall be a jury trial.

Dated this 5th day of May, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge